FILED
MAR 25 2026
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JESSICA BARRON ZAMORA,
a/k/a JESSICA BARRON,

Defendant.

CAUSE NO. 1:26-cr-00064-JRO-MJD

# **INDICTMENT**

The Grand Jury charges that:

Background on Asbestos and the Toxic Substances Control Act

At times material to this Indictment:

1. Asbestos is a mineral fiber that is found naturally in rock and soil. Because of its fiber strength and heat resistance, asbestos has been used in a variety of building construction materials for insulation and as a fire retardant. Asbestos has also been used in a wide range of manufactured goods, mostly in building materials.

2. Asbestos fibers may be released into the air by the disturbance of asbestos-containing material during product use, demolition work, building or home maintenance, repair, and remodeling.

3. Working with materials that contain asbestos can be dangerous because the inhalation of asbestos fibers may cause debilitating or fatal diseases such as mesothelioma, asbestosis, and lung cancer.

4. In 1971, the United States Environmental Protection Agency (EPA) declared asbestos to be a hazardous air pollutant as defined by Title 42, United States Code, Section 7412 of the federal Clean Air Act. Subsequently, the EPA promulgated rules, regulations, and requirements under Section 7412 to control the use, removal, handling, and disposal of asbestos. In addition, the Toxic Substances Control Act (TSCA) (15 U.S.C. § 2601, et seq.) was amended to create a uniform program for accrediting persons involved in asbestos identification and abatement both in schools and public and commercial buildings.

5. Under the TSCA, a person cannot perform asbestos-related activities on public or commercial buildings unless that person is certified. Under TSCA, the EPA developed a model accreditation plan to give guidance to states on the minimum training requirements for accrediting asbestos professionals. Most states have EPA-approved asbestos accreditation certificate programs.

6. An applicant must complete a training course from an approved training provider that offers courses approved by the EPA to receive certification to work with asbestos. The training courses vary in length from two to five days depending on the type of work an applicant wishes to perform.

7. After an applicant has attended training, the applicant must also pass an exam regarding the subject matter of the training. Only after attending that training and passing the exam can an applicant legitimately obtain an asbestos certification.

8. Using that certification, an applicant can then obtain a license from a state licensing agency to legally remove asbestos.

## The Scheme to Defraud

9. The defendant, JESSICA BARRON ZAMORA, designed a scheme to enrich herself by selling fraudulent asbestos worker abatement certifications to individuals without providing any of the required training. ZAMORA was not an approved asbestos abatement training provider. Moreover, ZAMORA knew that individuals obtaining the asbestos certifications were required to receive approved training and pass an exam. Nevertheless, ZAMORA knowingly sold fraudulent asbestos certifications to these individuals who had not received any training. ZAMORA used a template from a legitimate training provider to create fraudulent certifications which she would then sell to her customer.

## Manner and Means

10. In furtherance of this scheme, ZAMORA held herself out to potential customers as someone who could provide certifications for asbestos abatement.

11. Customers would contact her and request certifications stating that they had completed training for asbestos abatement from a legitimate training provider when they knew they had not attended such training.

12. ZAMORA would then create a certification for her customers from her home in Indianapolis, Indiana, in the Southern District of Indiana, using blank certificates she had created by using certificates from legitimate training providers as a template.

13. ZAMORA would charge her customers between $150 and $500 for these certifications. ZAMORA would also submit the certifications to the various state licensing agencies on behalf of her customers.

14. ZAMORA did not provide any training to her customers before providing them

with the certificates. ZAMORA prepared and submitted these certifications knowing that her customers did not receive the training necessary to receive a valid training certification.

15. In total, ZAMORA submitted at least 150 false certifications for her customers and made over $35,000 selling the fraudulent certifications.

**Counts 1-3**
**Wire Fraud**
**18 U.S.C. 1343**

16. Paragraphs 1 through 15 are incorporated and realleged as if set forth herein.

17. On or about the date set forth below, in Indianapolis, Indiana, in the Southern District of Indiana and elsewhere, JESSICA BARRON ZAMORA, the defendant herein, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below:

| Count | On or About Date | Interstate Wire Communication |
|---|---|---|
| 1 | March 25, 2021 | ZAMORA electronically submitted a training certificate from Indiana to Ohio Environmental Protection Agency on behalf of her customer, C.J.E. This certificate stated that C.J.E. had received a specified asbestos removal training when C.J.E. had not received that training, and ZAMORA knew C.J.E. had not received that training. |
| 2 | April 13, 2021 | ZAMORA electronically submitted a training certificate from Indiana to Kentucky Environmental Protection Agency on behalf of her customer, S.S. This certificate stated that S.S. had received a specified asbestos removal training when S.S. had not received that training, and ZAMORA knew S.S. had not received that training. |
| 3 | February 16, 2022 | ZAMORA electronically submitted a training certificate from Indiana to Kentucky Environmental Protection Agency on behalf of her customer, B.H. This certificate stated that B.H. had received a specified asbestos removal training when B.H. had not received that training, and ZAMORA knew B.H. had not received that training. |

Each count in violation of Title 18, United States Code, Section 1343.

**FORFEITURE**

1. The allegations contained in Counts 1-3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts 1-3 of this Indictment, JESSICA BARRON ZAMORA, the Defendant, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to or an order of forfeiture in the amount of proceeds the defendants obtained from the offense.

3. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) and 28 U.S.C. § 2461(c).

A TRUE BILL:

[redacted]

THOMAS E. WHEELER II
United States Attorney

By: ______________________________
Adam Eakman
Assistant United States Attorney
::KMS